UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE GUIDANT CORPORATION ) | |
| ERISA LITIGATION ) | |
| ) | |
| ) | Master Docket No. |
| ) | 1:05-cv-1009-LJM-TAB |
| ) | |
| THIS DOCKET RELATES TO ) | |
| ALL ERISA ACTIONS ) | |

**ORDER ON DEFENDANTS' MOTION TO DISMISS**

This cause is now before the Court on defendants', Guidant Corporation ("Guidant"), its Board of Directors ("Board"), and members of the Guidant Employee Benefits Committee and the Fund Advisory Committee (collectively, "Defendants"), Motion to Dismiss Plaintiffs' Amended Complaint. Plaintiffs, Erica Harzewski ("Harzewski") and Victor M. Valenzuela ("Valenzuela") (collectively, "Plaintiffs"), oppose the motion. In their Amended Complaint Plaintiffs contend that Defendants breached certain duties related to the Guidant Employee Savings and Stock Ownership Plan (the "Plan").

For the following reasons, the Court **GRANTS in part and DENIES in part** Defendants' Motion to Dismiss Plaintiffs' Amended Complaint

**I. BACKGROUND**

Guidant Corporation is an Indianapolis-based corporation that provides "therapeutic medical solutions for customers, patients, and healthcare systems around the world." Am. Compl. ¶ 14. Before and during the period between October 1, 2004, and November 3, 2005 (the "Class Period"),

implantable defibrillators became one of Guidant's principle sources of revenue. *Id.* ¶ 74. However, Plaintiffs allege that the Defendants knew or should have known of Guidant's defribrillator's "long history of short circuits and manufacturing defects." *Id.* ¶¶ 84, 86, 88, 91, 92. This history, the Plaintiffs allege, forced Guidant to admit the failings of its products and institute multiple recalls of Guidant defibrillators. *Id.* ¶¶ 96-110. Thus, Plaintiffs allege that Guidant stock was not a prudent investment for the Plan and, by not acting to diversify the assets in the Plan, the Defendants breached their fiduciary duty to the Plan and its beneficiaries and participants. *Id.* ¶ 130.

### A. THE DETAILS OF THE PLAN

The Plan is an "employee pension benefit plan" as defined by § 3(2)(A) of ERISA, 29 U.S.C. § 1002(2)(A). *Id.* ¶ 50. The Plan is also a defined contribution savings plan covering Guidant's eligible United States Employees. *Id. See also id.* ¶ 2.

The terms and conditions of the Plan were set forth in the "ESSOP, Summary Plan Description, 2003 Edition" (the "SPD"), and the "ESSOP, January 1, 2003 Restatement" (the "Restatement"). *Id.* ¶ 2. The Plan has two components: a 401(k) profit sharing component (the "Savings Component") and an Employee Stock Ownership Plan ("ESOP") component (the "ESOP Component"). *Id.*

> Section 1 of the SPD, entitled "Introduction," provides that:
>
> Guidant Corporation maintains The Guidant Employee Savings and Stock Ownership Plan (the "Plan") to provide retirement benefits for eligible employees of Guidant. The purpose of the Plan is to help you build financial security for your retirement by permitting you to save for retirement on a pre-tax basis, and by providing employer contributions invested in Company Stock as an incentive to enhance your individual performance and the performance of Guidant.

*Id.* The Restatement provides that: "The Profit-Sharing Plan and the ESOP together are designed to constitute a single plan under Treasury Regulation § 1.414(1)-1(b)(1)." *Id.* ¶ 3.

### B. ALLEGATIONS IN THE AMENDED COMPLAINT

This cause has been filed as a putative class action with the following class description:

> All persons who were participants in or beneficiaries of The Guidant Employee Savings and Stock Ownership Plan at any time between October 1, 2004, and November 3, 2005, inclusive (the "Class Period") and who held, purchased, acquired or had Guidant common stock contributed to their plan during that period.

Am. Compl. ¶ 68. Plaintiffs contend that they were employees of Guidant and participants in the Plan during the Class Period, and held and/or had Guidant common stock contributed to their Plan accounts during the Class Period. *Id.* ¶ 3.

Certain provisions of the Savings Component of the Plan do not allow for employee contributions to be invested in Guidant stock, however, Guidant makes all of its employer-matching contributions to the Savings Component in the form of Guidant stock. *Id.* ¶ 5. In addition, Guidant makes all Company fixed contributions to the ESOP Component in the form of Guidant stock. *Id.* Generally, the Plaintiffs contend:

> 8.     . . . [T]hat the Defendants, as fiduciaries of the Plan, breached their fiduciary duties to the Plan and Plan participants under ERISA, by, among other things: (I) selecting and maintaining Guidant stock as the investment alternative for Company-matching contributions under the Savings Component of the Plan and for Company-fixed contributions under the ESOP Component of the Plan when they knew or should have known that it was no longer a suitable or prudent Plan investment at the prices then trading; (ii) allowing the Plan to hold and/or contribute Guidant stock at inflated prices throughout the Class Period; (iii) failing to properly monitor the Plan's investment in Guidant stock; (iv) failing to provide accurate and timely information to Plan participants and beneficiaries concerning Guidant's true financial performance and product manufacturing and/or design defects; and (v) failing to take reasonable or appropriate steps to mitigate damages to Plan participants in continuing

> to hold existing Guidant stock in the Plan and/or contributing such Guidant stock to Plan participant accounts at the prices then trading, based on what these fiduciaries knew or should have known regarding, *inter alia*, the never disclosed design and/or manufacturing problems the Company had faced and continued to face in connection with ever-increasing numbers of its defibrillators, the potentially fatal health risk faced by patients, and the concomitant artificial inflation of the value of Guidant stock resulting from such misconduct during the Class Period.
>
> 9. The breaches alleged herein were ongoing and continuous over the course of the Class Period, and arose out of, *inter alia*, Defendants' continuing duty to review, evaluate, and monitor the suitability of making Company-matching and -fixed contributions in Guidant stock. As a result of these fiduciary breaches, the Plan, and Plan participants and beneficiaries have suffered substantial losses. Under ERISA, the breaching fiduciaries are obligated to restore to the Plan, and through the Plan, to its participants and beneficiaries, the losses resulting from these breaches of fiduciary duty.

*Id.* ¶¶ 8, 9.

Plaintiffs assert that they seek to recover losses sustained by the Plan arising out of Defendants' breach of fiduciary duty. *Id.* ¶ 145.

## II. <u>STANDARD</u>

The purpose of a Rule 12(b)(6) motion to dismiss is to test the legal sufficiency of the complaint, not to resolve the case on its merits. *See Triad Assoc., Inc. v. Chi. Housing Auth.*, 892 F.2d 583, 586 (7th Cir. 1989); 5B Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1356 (3d ed. 2004). Federal courts adhere to a notice pleading regime, and, as such, a plaintiff need not plead facts as long as the defendant has at least minimal notice of the claim or claims being asserted. Fed.R.Civ.P. 8; *Scott v. City of Chicago*, 195 F.3d 950, 951 (7th Cir. 1999). When ruling on a motion to dismiss for failure to state a claim, pursuant to Rule 12(b)(6), the Court accepts as true all well-pleaded factual allegations in the complaint and the inferences reasonably

drawn from them. *See Baxter by Baxter v. Vigo County Sch. Corp.*, 26 F.3d 728, 730 (7th Cir. 1994). Dismissal is appropriate only if it appears beyond doubt that Plaintiffs can prove no set of facts consistent with the allegations in the complaint that would entitle them to relief. *See Hi-Lite Prods. Co. v. Am. Home Prods. Corp.*, 11 F.3d 1402, 1405 (7th Cir. 1993). This standard means that if any set of facts, even hypothesized facts, could be proven consistent with the complaint, then the complaint must not be dismissed. *See Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1995). However, the Court need not ignore facts set out in the complaint that undermine Plaintiffs' claims, *see Homeyer v. Stanley Tulchin Assoc.*, 91 F.3d 959, 961 (7th Cir. 1996) (*citing Am. Nurses' Ass'n v. State of Illinois*, 783 F.2d 716, 724 (7th Cir. 1986)), nor is the Court required to accept Plaintiffs' legal conclusions. *See Reed v. City of Chicago*, 77 F.3d 1049, 1051 (7th Cir. 1996); *Gray v. Dane County*, 854 F.2d 179, 182 (7th Cir. 1988).

Generally, matters outside the pleadings cannot be considered on a motion to dismiss. *See Corman Derailment Serv., LLC v. Int'l Union of Operating Eng'rs Local Union 150*, 335 F.3d 643, 647 (7th Cir. 2003). Documents that a defendant attaches to a motion to dismiss, however, may be considered if they are referred to in the complaint and are central to the asserted claims. *Albany Bank & Trust Co. v. Exxon Mobil Corp.*, 310 F.3d 969, 971 (7th Cir. 2002).

### III. DISCUSSION

The Plaintiffs bring their claim that Defendants breached their fiduciary duty pursuant to ERISA § 502, 29 U.S.C. § 1132, which provides that a civil action may be brought by a participant for relief under ERISA § 409, 29 U.S.C. § 1109. Section 409 provides:

> Any person who is a fiduciary with respect to a plan who breaches any of the responsibility, obligations or duties imposed upon fiduciaries by this title shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through the use of assets of the plan by the fiduciary.
>
> ERISA § 404(a)(1)(A) and (B) provides that
>
> a fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries . . . with the care, skill prudence and diligence under the circumstances then prevailing that a prudent man acting in like capacity and familiar with such matters would use in the conduct of an enterprise of like character with like aims.

29 U.S.C. § 1104(a)(1)(A) & (B).

To state a claim for breach of fiduciary duty under ERISA, plaintiffs must allege: "(1) that the defendants are plan fiduciaries; (2) that the defendants breached their fiduciary duties; and (3) that the breach caused harm to the plaintiff." *Brosted v. Unum Life Ins. Co. of Am.*, 421 F.3d 459, 465 (7th Cir. 2005). Having reviewed the allegations in the Amended Complaint, the Court concludes that Plaintiffs have stated a plausible claim that Defendants breached their fiduciary duties.

Plaintiffs allege that all of the Defendants are fiduciaries within the meaning of ERISA. ERISA provides that "a person is a fiduciary with respect to a plan to the extent (I) he exercises any discretionary authority or discretionary control respecting management of such plan . . . ." 29 U.S.C. § 1002(21)(A). Defendants argue that Guidant is not a fiduciary within the definition provided by ERISA. However, Plaintiffs allege that Guidant is the Plan Sponsor and as such it is responsible for appointing and monitoring the plan administrator and named fiduciaries. Am. Compl. ¶¶ 16, 58. These allegations allow an inference that Guidant exercises considerable discretion over the

management of the Plan. Thus, Guidant, according to Plaintiffs' allegations, could be a fiduciary. *See Leigh v. Engle*, 727 F.2d 113, 133-34 (7th Cir. 1984).

Plaintiffs next allege that Defendants breached their fiduciary duty of prudence by failing to divest the Plan of Guidant stock, which Plaintiffs allege to have an artificially inflated price. However, Defendants had neither the duty nor the power legally to divest the ESOP of any of its assets. ERISA provides:

> all assets of an employee benefit plan shall be held in trust by one or more trustees . . . upon acceptance of being named or appointed, the trustee or trustees shall have exclusive authority and discretion to manage and control the assets of the plan, except to the extent that the plan expressly provides that the trustee or trustees are subject to the discretion of a named fiduciary who is not a trustee.

29 U.S.C. § 1103(a). The Plan adheres to the default rule. It provides, "each Trustee shall have sole responsibility for investment of the applicable Trust unless the Fund Advisory Committee appoints an Investment Manager . . . ." Plan, § 13.02(d). The Plan further provides that "any Trustee in its sole discretion may . . . maintain all or a part of the assets of any fund in cash." Plan, § 5.07. Plaintiffs did not name the Plan's trustee, Northern Trust, as a defendant. Defendants cannot have breached a fiduciary duty to divest the Plan of Guidant stock because they had no such ability and thus no such duty under either ERISA or the mandates of the Plan. Therefore, Plaintiffs' claim under this theory fails.

Plaintiffs further allege that in order to protect the Plan from losses Defendants could have made public disclosures earlier regarding the problems with the heart devices. Am. Compl. ¶ 137. Defendants argue that Plaintiffs did not plead sufficient facts to indicate that the named fiduciaries actually knew about the defibrillator issues prior to the May 2005 announcement. However, if the Court draws all reasonable inferences in the light most favorable to Plaintiffs, then it can conclude

that the named fiduciaries, who are directors and high level officers of Guidant, would have been aware of material defects in one of Guidant's principle products. *See* Am. Compl. ¶¶ 74 (explaining that in 2004, defibrillators accounted for almost 50% of Guidant's total revenue), 84, 86, 88, 91, 92.

Further, Defendants argue that ERISA's general fiduciary provisions do not require disclosure of information beyond that specified in the statute. However, the case law that Defendants cite to support this proposition refers to requiring fiduciaries to make additional disclosures to beneficiaries that were not required under the more specific disclosure provisions of ERISA. *See Baker v. Kingsley*, 387 F.3d 649, 662 (7th Cir. 2004) (noting that a lack of specific warning regarding the termination of a plan to beneficiaries is not a breach of fiduciary duty and that requiring that type of warning to be disclosed would "run the risk of disturbing the carefully delineated corporate disclosure laws"). Plaintiffs' proposition is completely different. Plaintiffs do not plead that ERISA's disclosure regime required the disclosure of defibrillator-related information to the beneficiaries of the Plan, but instead they allege that the public disclosure of the allegedly adverse facts was required under ERISA's general fiduciary provisions because it might have resulted in less loss to the Plan than the later, allegedly forced, disclosure. The type of disclosure Plaintiffs suggest does not conflict with the disclosure scheme laid out by ERISA, and it does not encroach on the field occupied by the ERISA disclosure scheme. *See* 29 U.S.C. §§ 1022, 1024.

Finally, Defendants argue, with respect to this alleged breach of fiduciary duty that even if disclosure was legally required by the general fiduciary provisions of ERISA, such a divestiture would have actually caused the loss to the plan that the Plaintiffs sought to avoid. In order to support this proposition, Defendants rely on the "efficient capital markets hypothesis." The Seventh Circuit has accepted this theory in a different context stating, "few propositions in economics are better

established than the quick adjustment of securities prices to public information." *West v. Prudential Sec., Inc.*, 282 F.3d 935, 938 (7th Cir. 2002). However, Plaintiffs also allege that a merger agreement with Johnson and Johnson ("J&J") existed during the Class Period that included a "floor" price for Guidant stock. Am. Compl. ¶ 115. In that agreement J&J offered to buy Guidant for $76.00 per share. Am. Compl. ¶ 95. Therefore, Plaintiffs' suggestion that the possible merger with J & J might have supported the price of Guidant stock through such a disclosure is a reasonable inference. Whether the price would have dropped less because of earlier disclosure is an issue more appropriately decided on summary judgment. Thus, Plaintiffs have alleged at least one cognizable breach of fiduciary duty under ERISA § 404.

However, there is still the issue of whether the alleged breach caused loss to the Plan. The Defendants rely heavily on the price at which Boston Scientific eventually acquired Guidant stock to show that there was no actual loss to the Plan. However, the Boston Scientific merger and the subsequent increase in the price of Guidant stock is a matter outside the pleading and not properly considered on a motion to dismiss. The facts contained in the pleadings sufficiently allege a loss over the course of the Class Period. The price of Guidant stock, which formed a significant portion of the assets of the Plan, fell from $72.38 per share on October 17, 2005, to $57.57 per share on November 3, 2005. Am. Compl. ¶¶ 118, 123. Whether this drop could have been avoided or lessened by earlier disclosure is a question that, as stated above, is better decided on summary judgment.

In their Amended Complaint Plaintiffs also adequately state claim that Defendants breached their duty to monitor plan fiduciaries under ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A). Under ERISA a breach of the duty to monitor is adequately pled where it is alleged that: (1) a

fiduciary allowed his or her appointee to invest a plan's assets imprudently in employer stock, or (2) that an appointing fiduciary failed to keep appointees informed. *See, e.g.*, *In re Sears, Roebuck & Co. ERISA Litig.*, No. 02 C 8324, 2004 WL 407007, at *8 (N.D. Ill. Mar. 3, 2004). Plaintiffs allege that the director defendants appointed the members of the Benefits and Fund Advisory Committees and had a duty to monitor those committees. Am.Compl. ¶ 31. Further, Plaintiffs allege that the director defendants breached that duty by failing to ensure that the committees knew of the adverse information alleged in the Amended Complaint. Am. Compl. ¶¶ 81-95. These allegations are sufficient to state a claim for a breach of the duty to monitor.

Finally, Plaintiffs claim that Defendants breached the duty of loyalty under ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A). This duty requires fiduciaries to be motivated only by the best interests of the Plan and its participants. Plaintiffs alleged several business and financial conflicts on interest on the part of the Plan fiduciaries. *See* Am. Compl. § C of "Substantive Allegations." Plaintiffs have also alleged that Defendants acted in a way that was detrimental to the Plan participants as outlined above. Thus, Plaintiffs sufficiently stated a claim that Defendants breached ERISA's fiduciary duty of loyalty.

## IV. CONCLUSION

For the reasons stated herein, Defendants', Guidant Corporation, its Board of Directors, and members of the Guidant Employee Benefits Committee and the Fund Advisory Committee, Motion to Dismiss is **GRANTED in part and DENIED in part**. Plaintiff's claim under the theory that Defendants breached their fiduciary duty by failing to divest the Plan of Guidant stock is **DISMISSED with prejudice**; all other claims remain pending.

IT IS SO ORDERED this 19th day of June, 2008.

LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution attached.

**Electronically distributed to:**[1]

Jeremy P. Blumenfeld
MORGAN LEWIS & BOCKIUS LLP
jblumenfeld@morganlewis.com

Edward O'Donnell DeLaney
DELANEY & DELANEY LLC
ed@delaneylaw.net

Kathleen Ann DeLaney
DELANEY & DELANEY LLC
kathleen@delaneylaw.net

Keith E. Eggleton
WILSON SONSINI GOODRICH & ROSATI
keggleton@wsgr.com

Boris Feldman
WILSON SONSINI GOODRICH & ROSATI
boris.feldman@wsgr.com

James H. Ham III
BAKER & DANIELS LLP
jhham@bakerd.com

Donald L. Havermann
MORGAN LEWIS & BOCKIUS LLP
dhavermann@morganlewis.com

Azeez Hayne
MORGAN LEWIS & BOCKIUS LLP
ahayne@morganlewis.com

Meredith E. Kotler
WILSON SONSINI GOODRICH & ROSATI
mkotler@wsgr.com

Nina F. Locker
WILSON SONSINI GOODRICH & ROSATI
nlocker@wsgr.com

Thomas James McKenna
GAINEY & MCKENNA
tjmckenna@gaineyandmckenna.com

Karen L. Morris
MORRIS AND MORRIS LLC
kmorris@morrisandmorrislaw.com

Patrick F. Morris
MORRIS AND MORRIS LLC
pmorris@morrisandmorrislaw.com

Bruce G. Murphy
265 Llwyds Lane
Vero Beach, FL 32963

Brian T. Ortelere
MORGAN LEWIS & BOCKIUS LLP
bortelere@morganlewis.com

John W. Purcell
BAKER & DANIELS LLP
john.purcell@bakerd.com

Mark Carl Rifkin
WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP
rifkin@whafh.com

John R. Schaibley III
BAKER & DANIELS
jrschaib@bakerd.com

Jeremy Michael Weintraub
WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP
rifkin@whafh.com

---

[1] Please note that the court will not mail a copy of this entry to any attorney of record who has not provided his/her e-mail address to the court. As of September 1, 2004, the failure to register for the court's electronic filing system constitutes a violation of Local Rule 5.7(b). It is the responsibility of co-counsel who are registered to ensure that the entry is distributed to all non-registered counsel, and registered co-counsel also should urge all counsel to comply with the local rule and register to use the court's electronic filing system so that they will receive notice of future entries from the court by e-mail. Information on how to register is on the court's website: http://www.insd.uscourts.gov