UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE GUIDANT CORPORATION ) | |
| ERISA LITIGATION ) | |
| ) | Master Docket No. |
| ) | 1:05-cv-1009-LJM-TAB |
| THIS DOCUMENT RELATES TO ) | |
| ALL ERISA ACTIONS ) | |

**ORDER ON BIFURCATION**

The parties appeared by counsel on September 18, 2008, for a pretrial conference. Argument was held regarding the parties' differing positions regarding case management. Defendants' proposed Case Management Plan [Docket No. 138] seeks to bifurcate the proceedings and limit discovery to injury-based issues. Plaintiffs' proposed CMP reflects their opposition to bifurcation. [Docket No. 137.] The Court must decide whether bifurcated discovery is appropriate and, consequently, which CMP to approve.

This disagreement is rooted in the Seventh Circuit Court of Appeals' decision reversing this Court's dismissal of this action based upon a lack of standing. In remanding the case, the Seventh Circuit stated, "So the case must go back to the district court. But as its first order of business, the court will have to take a very careful look at the plaintiffs' theory of how they were injured." *Harzewski v. Guidant Corporation*, 489 F.3d 799, 807 (7th Cir. 2007). The appeals court suggested Plaintiffs' damages theory was "exceedingly speculative" and indicated that there might not be any damages available to the Plaintiffs or even any breach of fiduciary duty. *Id.* at 807-08.

Following remand, the Defendants filed a renewed motion to dismiss. [Docket No. 102.] The Court granted this motion in part and denied it in part, finding that the "Plaintiffs have

alleged at least one cognizable breach of fiduciary duty under ERISA § 404." [Docket No. 124 at 9.] However, the Court stated that "there is still the issue of whether the alleged breach caused loss to the Plan." [*Id*.] The Court found that while the pleadings sufficiently allege a loss, whether the critical drop in stock price "could have been avoided or lessened by earlier disclosure is a question that, as stated above, is better decided on summary judgment." [*Id*.]

Seizing upon this language, Defendants argue that the proceedings should be bifurcated and discovery should be limited to injury-based issues. Plaintiffs strongly object, but as set forth below the Court finds that bifurcation is appropriate.

The starting point of the bifurcation analysis is the Seventh Circuit's statement that upon remand this Court's "first order of business" should be to "take a very careful look at the plaintiffs' theory on how they were injured." *Harzewski*, 489 F.3d at 807. Plaintiffs claim that this Court did just that by addressing the Defendants' motion to dismiss, and that now the case should proceed without any limitations on discovery. But Plaintiffs' approach ignores the limited inquiry permitted by way of a Rule 12(b)(6) motion to dismiss. Surely the motion required the Court to review the pleadings; but was it the "very careful look" that the Seventh Circuit mandated? Seemingly no, considering that the order on the motion to dismiss expressly acknowledged that this issue is "better decided on summary judgment." [Docket No. 124 at 9.]

Moreover, this Court cannot ignore the Seventh Circuit's view that Plaintiffs' damages theory is "exceedingly speculative" — a view shared by the magistrate judge from the outset of this case. *Harzewski*, 489 F.3d at 807-08. The Seventh Circuit went so far as to suggest that there might not be any damages available to the Plaintiffs or even any breach of fiduciary duty. *Id*. As a result, Defendants' bifurcation request rests upon a solid foundation.

2

Bifurcation is further supported by the massive amount of discovery that Plaintiffs seek in this case. At the September 18 pretrial conference, the Court asked Plaintiffs' counsel to specify the types and categories of discovery that Plaintiffs likely would pursue absent bifurcation. Plaintiffs set forth seven broad categories of documents and information covering years of detailed reports, personnel files, emails, and other communications that seek to determine what various key players allegedly knew and when they allegedly knew it. Defendants rightly characterized Plaintiffs' requests as seeking "a football field full of information." More specifically, Defendants estimated that the categories of documents Plaintiffs articulated involved "millions and millions" of pages of documents. Obviously, discovery of this magnitude would involve significant time and expense.

Plaintiffs' asserted need for this information must be balanced against the practical reality that there remains a very serious issue in this case as to whether the Plaintiffs suffered any loss. The Seventh Circuit raised concerns about this issue on appeal, the district judge acknowledged this issue in ruling on Defendants' motion to dismiss, and the magistrate judge raised similar concerns at the initial pretrial conference and more recently at the September 18 pretrial conference during which counsel argued the bifurcation issue. The Court is well aware that bifurcating discovery may delay these proceedings somewhat and could ultimately make the litigation more expensive. However, if Plaintiffs truly have not suffered any loss, bifurcation will in fact help to expedite these proceedings and greatly reduce the expense to both sides.

Accordingly, the Court finds that bifurcation of discovery is appropriate, and that discovery should initially be limited to injury-based issues. Plaintiffs' proposed CMP [Docket No. 137] is denied. Defendants' proposed CMP [Docket No. 138] is approved, provided that all

deadlines in Defendants' proposed CMP are lengthened by 60 days.

Dated: 10/29/2008

_____

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Jeremy P. Blumenfeld
MORGAN LEWIS & BOCKIUS LLP
jblumenfeld@morganlewis.com

Edward O'Donnell DeLaney
DELANEY & DELANEY LLC
ed@delaneylaw.net

Kathleen Ann DeLaney
DELANEY & DELANEY LLC
kathleen@delaneylaw.net

Keith E. Eggleton
WILSON SONSINI GOODRICH & ROSATI
keggleton@wsgr.com

Boris Feldman
WILSON SONSINI GOODRICH & ROSATI
boris.feldman@wsgr.com

James H. Ham III
BAKER & DANIELS LLP
jhham@bakerd.com

Donald L. Havermann
MORGAN LEWIS & BOCKIUS LLP
dhavermann@morganlewis.com

Azeez Hayne
MORGAN LEWIS & BROCKIUS LLP
ahayne@morganlewis.com

Meredith E. Kotler
WILSON SONSINI GOODRICH & ROSATI
mkotler@wsgr.com

Nina F. Locker
WILSON SONSINI GOODRICH & ROSATI
nlocker@wsgr.com

Thomas James McKenna
GAINEY & MCKENNA
tjmckenna@gaineyandmckenna.com

Karen L. Morris
MORRIS & MORRIS LLC
kmorris@morrisandmorrislaw.com

Patrick F. Morris
MORRIS AND MORRIS LLC
pmorris@morrisandmorrislaw.com

Bruce G. Murphy
265 Llwyds Lane
Vero Beach, FL 32963

Brian T. Ortelere
MORGAN LEWIS & BOCKIUS LLP
bortelere@morganlewis.com

John W. Purcell
BAKER & DANIELS LLP
john.purcell@bakerd.com

Mark Carl Rifkin
WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP
rifkin@whafh.com

John R. Schaibley III
BAKER & DANIELS
jrschaib@bakerd.com

Jeremy Michael Weintraub
WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP
rifkin@whafh.com