**ENTERED**

SEP - 9 2010

U.S. CLERK'S OFFICE
INDIANAPOLIS, INDIANA

### UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

IN RE GUIDANT CORPORATION )
ERISA LITIGATION )
)          Master Docket No.
)          1:05-cv-1009-LJM-TAB
)
THIS DOCUMENT RELATES TO )
ALL ERISA ACTIONS )
)

## FINAL ORDER AND JUDGMENT

The Court has considered the Plaintiffs' Unopposed Motion for Final Approval of Set-

tlement of the above-captioned ERISA class action (the "Motion"), and has held a duly-noticed

final approval hearing on September 9, 2010.  The Court expressly finds, pursuant to Rule 54(b)

of the Federal Rules of Civil Procedure, that there is no just reason for delay, and therefore

grants the Motion and expressly directs the entry of final judgment as to the Released Persons (as

defined in the Stipulation of Settlement).

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** as follows:

1.      The Court has jurisdiction over the subject matter of this litigation and the parties,

including the members of the Settlement Class certified by Order of the Court dated May 19,

2010 (the "Settlement Class").

2.      Terms defined in the Stipulation of Settlement, dated March 18, 2010 (the "Stipu-

lation"), shall have the same meanings when used in this Final Order and Judgment.

3.      The Court finds that due and adequate notice has been provided pursuant to Rule

23 of the Federal Rules of Civil Procedure to all members of the Settlement Class, notifying the

Settlement Class of, among other things, the pendency of this action and the proposed settlement

with Defendants. The notice provided was the best notice practicable under the circumstances and included individual notice by first class mail to all members of the Settlement Class identified from internal participant transactional data from the Guidant Employee Savings and Stock Ownership Plan (the "Plan"). Notice was also given by publication on Business Wire. Such notice fully complied in all respects with the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Class Action Fairness Act of 2005 and due process of law.

4.      The Court finds that the Stipulation is fair, reasonable, and adequate to the Settlement Class within the meaning of Rule 23 of the Federal Rules of Civil Procedure. The Settlement with the Defendants was reached following extensive investigation and resulted from vigorous arm's length negotiations which were undertaken in good faith by counsel with significant experience litigating complex class actions. The Stipulation is hereby approved pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, and shall be binding on every member of the Settlement Class and party to the Stipulation. In this regard, the Court also finds that the Plan of Allocation set forth in the Notice is fair, reasonable, and adequate to the Settlement Class.

5.      The Settlement Fund has been established pursuant to the Stipulation as a qualified settlement fund pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder.

6.      The Court hereby awards attorneys' fees to Class Counsel from the Settlement Fund of $ *2,675,000* and $ *312,344.65* as reimbursement for expenses, payable pursuant to Section 6.2 of the Stipulation. Such sums shall include a pro-rata portion of the interest earned on the Settlement Fund. Class Counsel are authorized to allocate to other counsel the fees awarded herein, taking into account their relative contributions to the Action.

7.     The Court hereby awards $ *10,000.00* as an award to named Plaintiffs to be paid from the Settlement Fund in recognition of these Plaintiffs' efforts in initiating and pursuing this litigation on behalf of the Settlement Class.

8.     Without affecting the finality of this Final Order and Judgment in any way, the Court hereby retains continuing and exclusive jurisdiction for the purposes of, among other things, implementing and enforcing the Stipulation and the Settlement contemplated thereby (including any issue that may arise in connection with the formation and/or administration of the qualified settlement fund described in ¶ 5 above) and determining any disputes that may arise with respect to the Stipulation, the Settlement, or the Settlement Fund.

9.     Consistent with the Stipulation, the Released Claims are hereby released and fully and forever discharged as against the Released Persons. The Released Claims are defined as any and all actual or potential claims, actions, causes of action, demands, obligations, liabilities, including but not limited to claims for attorneys' fees, expenses and costs not otherwise provided for by the Stipulation, whether arising under local, state, or federal law, whether by statute, contract, common law, equity, or otherwise, whether brought in an individual, representative, or any other capacity, whether known or unknown (as set forth in paragraph 3.4 of the Stipulation), suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated that have been, could have been, or could be brought by or on behalf of Plaintiffs, the Plan or any member of the Settlement Class and that arise out of, relate to directly or indirectly or are based on the allegations, facts, matters, occurrences or omissions set forth in the Complaints, which occurred prior to, during or after the Settlement Class Period, including but not limited to:

a.      breach of duties or obligations under ERISA to the Plan, to Plaintiffs, to the Settlement Class or to the other participants and beneficiaries of the Plan in connection with the acquisition or direct or indirect holding of Company Stock and/or the Company Stock Fund by or for the benefit of the Plan or the Plan's participants or beneficiaries;

b.      failure to provide accurate information to the Plan's fiduciaries or the Plan's participants and beneficiaries regarding Guidant or Company Stock;

c.      failure to appoint, remove and/or adequately monitor the Plan's fiduciaries;

d.      violation of ERISA duties related directly or indirectly to the acquisition, disposition or retention of Company Stock by the Plan;

e.      breach of ERISA duties in connection with the failure to avoid or resolve conflicts of interest; and

f.      knowingly participating in or enabling an ERISA breach of fiduciary duty related directly or indirectly to the acquisition, disposition or retention of Company Stock by the Plan, and/or failing to remedy such breach or in the breach of any other co-fiduciary responsibility.

10.      Plaintiffs and Plaintiffs' Counsel are released from any and all actual or potential claims, actions, causes of action, demands, obligations and liabilities which pertain to any conduct related to the direction to calculate, the calculation of and/or the method or manner of allocation of the Settlement Fund or Net Settlement Fund to the Plan or any participant or beneficiary of the Plan pursuant to the Plan of Allocation, so long as undertaken and/or performed in accordance with the Plan of Allocation.

11.     In addition, each of the Defendants releases and fully and forever discharges the Plaintiffs, the Settlement Class and Class Counsel from any and all claims relating to, or in connection with the institution or prosecution of the Action or the settlement of any of the Released Claims.

12.     Plaintiffs and every member of the Settlement Class, and every member of the Settlement Class's predecessors, successors, agents, representatives, attorneys and affiliates, and the heirs, executors, administrators, successors and assigns of each of them, directly or indirectly, individually, derivatively, representatively or in any other capacity are hereby permanently barred and enjoined from asserting, instituting, maintaining, prosecuting or enforcing against Defendants, or any other the Released Persons, in any state or federal court or arbitration forum, or in the court of any foreign jurisdiction, any and all Released Claims.

13.     Neither this Final Order and Judgment, the Stipulation nor any document referred to herein nor any action taken pursuant to or to carry out the Stipulation is or may be deemed to be or may be used as an admission by or against any of the Parties to this Action of any fact, claim, defense, assertion, matter, contention, fault, culpability, obligation, wrongdoing or liability whatsoever.  The Stipulation and its Exhibits may be used by the Defendants or the other Released Persons to support a defense of *res judicata*, collateral estoppel, release, or other theory of claim or issue preclusion or similar defense.

14.     Any Plan of Allocation submitted by Plaintiffs' Counsel or any order entered regarding the attorneys' fees application shall in no way affect or delay the Effective Date or the finality of this Final Order and Judgment.

15.     This Action is hereby dismissed as to all Defendants with prejudice and with each party to bear its own costs, except as provided for in the Stipulation.

_Sept 9,_____, 2010.

_____
LARRY J. McKINNEY
UNITED STATES DISTRICT JUDGE